RON MARQUEZ, SB# 272963
**LAW OFFICES OF RON MARQUEZ**
1280 E. 9th Street, Suite D
Chico, California 95928
Telephone: 530.332.8110

Attorneys for Plaintiffs
Clarence Beaver and
Joseph Stilwell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE BEAVER and JOSEPH STILWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, SHERIFF KORY L. HONEA in his Individual Capacity, DEPUTY PEREZ in his Individual Capacity, DEPUTY WAHLBERG in his Individual Capacity, SERGEANT J. BEHLKE in his Individual Capacity, CORRECTIONAL OFFICERS JOHN DOE 1-10, WELLPATH, LLC, CALIFORNIA FORENSIC MEDICAL GROUP.<br><br>Defendants. | CASE NO. 2:20-cv-00279-WBS-DB<br><br>**AMENDED COMPLAINT** |

Clarence Beaver and Joseph Stilwell, by and through their attorneys, Law Offices of Ron Marquez, hereby submit this Proposed Amended Complaint as follows:

## **GENERAL ALLEGATIONS**

### **Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a)(3)

2. Supplemental jurisdiction over the Plaintiffs' state law claims is proper pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), as that is the judicial district in which the claims arose and in which the Defendants resided or conducted business.

4. Plaintiffs, Clarence Beaver and Joseph Stilwell have submitted notices of claims to the Defendants, which were subsequently denied.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P.38(b).

**PARTIES**

6. Plaintiff Clarence Beaver is currently a resident of the State of Washington. At the time of the incident from which his claims arose, he was an inmate confined at the Butte County Jail.

7. Plaintiff Joseph Stilwell is currently an inmate at Pleasant Valley State Prison which is located in the County of Fresno. At the time of the incident from which his claims arose, he was a pre-trial detainee who was confined at the Butte County Jail.

8. Defendant, County of Butte is a local governmental corporation formed pursuant to the laws of the State of California. The County of Butte has the authority to delegate final policy-making authority for the supervision and control of the Butte County Jail.

9. Defendant, Butte County Sheriff's Office is a local governmental agency formed pursuant to the laws of the State of California and is responsible for the operation of the Butte County Jail.

10. Defendant, Sheriff Kory Honea (hereinafter "SHERIFF") is being sued in his individual capacity. That on March 7, 2019, Sheriff Honea was in charge of implementing the policies and procedures established for the operation and management of the Butte County Sheriff's Office and the Butte County jail. The Sheriff was responsible for the well-being of all inmates at the jail including their respective health and safety.

11. Defendant, Deputy Perez is being sued in his individual capacity. That on March 7, 2019, Deputy Perez was on duty as a correctional officer at the Butte County Jail, whose task was

to patrol and safeguard the inmates at the jail.

12. Defendant, Deputy Wahlberg is being sued in his individual capacity. That on March 7, 2019, Deputy Wahlberg was on duty as a correctional officer at the Butte County Jail, whose task was to patrol and safeguard the inmates at the jail.

13. Defendant, Sergeant Behlke is being sued in his individual capacity. That on March 7, 2019, Sergeant Behlke was on duty as a correctional officer at the Butte County Jail, whose task was to patrol and safeguard the inmates at the jail.

14. At all times relevant, Defendants CORRECTIONAL OFFICERS "JOHN DOE 1-10" of the Butte County Jail, whose identities are currently unknown, are employees at the County and who provided security services at the jail on March 7, 2019, while the plaintiffs were detained at the Butte County Jail.

15. Upon information and belief, Defendant, Wellpath, LLC (hereinafter "Wellpath") is a foreign corporation based out of Tennessee that is authorized to do business in the state of California. Defendant, Wellpath provides medical, dental and mental health services to patients at the Butte County Jail pursuant to a contract with the Butte County Sheriff's Office and/or with the County of Butte.

16. Upon information and belief, Defendant, California Forensic Medical Group, Inc., (hereinafter "CFMG") is a corporation that is authorized to do business in the state of California. Defendant, CFMG provides medical, dental and mental health services to patients at the Butte County Jail pursuant to a contract with the Butte County Sheriff's Office and/or with the County of Butte.

## FACTS

17. On March 7, 2019 at approximately 3 a.m., while confined to the Butte County Jail, plaintiffs Joseph Stilwell and Clarence Beaver were assaulted and brutally beaten by a fellow inmate by the name of Antonio Hernandez, who suffers from one or more mental health conditions. This assault occurred during a period of the night when all inmates were supposed to be confined to their bunk/bed inside of their cells or designated secured space. Inmate, Antonio Hernandez was allowed to move about the jail freely and with sufficient time to assault the

1  plaintiffs due to the correctional officers' failure to provide adequate security to the inmates.

2      18.    There were no correctional officers in sight to protect the plaintiffs or come to their
3  aid until after they had sustained severe injuries.

4      19.    As a result of the beating, Joseph Stilwell sustained devastating fractures to his left
5  kneecap and left foot.

6      20.    As a result of the beating, Clarence Beaver sustained multiple devastating facial
7  and orbital fractures, as well as vision impairment.

## FIRST CAUSE OF ACTION

### NEGLIGENT SUPERVISION, TRAINING, HIRING AND RETENTION

21.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

22.    At all times hereinafter mentioned and at the time of the occurrences herein and prior thereto, the County of Butte and Sheriff Honea had a duty to employ/use reasonable care in the hiring, training, supervision and retention of correctional officers tasked with ensuring the safety and overall well-being of the inmates (including the plaintiffs) while they are confined to the jail.

23.    Upon information and belief, Defendant, Sheriff Honea was negligent in the hiring, training, retaining and supervising of the correctional officers, whom he knew or in the exercise of due care, should have known were unfit to perform their duties of safeguarding the inmates.

24.    Upon information and belief, Sheriff Honea has known for years that the Butte County Jail had a problem with over-crowding but did nothing to alleviate this problem despite the potential dangers it posed to the inmates at the facility. The Sheriff's negligence in the hiring, training, retaining and supervising of the correctional officers compounded the issue of overcrowding at the jail, which ultimately caused the plaintiffs and the other inmates to be more susceptible to assaults and injuries. The Sheriff's negligence in the hiring, training, retaining and supervising of the correctional officers in an already over-crowded jail was the proximate cause of the assault upon Joseph Stilwell and Clarence Beaver. The Sheriff's aforementioned negligence is

the result of his deliberate indifference to the safety of the inmates at the jail.   By failing to provide adequate security and ignoring the overcrowding problem, these actions/omissions ultimately led to the subject assault and resulting injuries inflicted upon plaintiffs, Joseph Stilwell and Clarence Beaver.

## SECOND CAUSE OF ACTION
## MONELL CLAIMS

Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

25.   That the Plaintiffs' rights have been violated under the FOURTEENTH and EIGHTH Amendments to the United States Constitution by the Butte County Defendants.

26.   Defendants County of Butte, Sheriff Honea and the Butte County Sheriff's Office had a policy and practice of neglecting inmate health and safety, by allowing the inmates all to be herded into a single space indiscriminately, as though they were cattle, without any consideration as to the level of danger posed by the mental health conditions of any of the inmates. This policy and practice of herding the inmates into a single space indiscriminately, was and is dangerous. This practice ultimately contributed to the assault and injuries inflicted upon the plaintiffs.

27.   Upon information and belief, Sheriff Honea in his individual capacity has known for years that the jail had an overcrowding issue, but still allowed the practice of herding all the inmates together including the ones with mental illness. Despite his knowledge of the overcrowding and the indiscriminate herding of the inmates into a single space, the Sheriff failed to provide adequate staffing and/or training to secure the inmates. The Sheriff's deliberate indifference to the safety of the inmates was a violation of the plaintiffs' aforementioned Constitutional rights and proximately caused the plaintiffs' injuries.

## THIRD CAUSE OF ACTION
## DELIBERATE INDIFFERENCE BY INDIVIDUAL CORRECTIONAL OFFICERS

28.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

29. Upon information and belief, Defendant, Deputy Perez was on duty at the time of the assault upon the plaintiffs. Despite being charged with the duty of protecting the inmates, Deputy Perez neglected to adequately perform his task/duty of observing and directing inmate movements. Perez's inadequate performance of his aforementioned duties allowed Antonio Hernandez the freedom to move about the facility unimpeded and ultimately, contributed to the injuries sustained by the plaintiffs. Deputy Perez's deliberate indifference to inmate safety was a proximate cause of the assault inflicted upon the plaintiffs.

30. Upon information and belief, Defendant, Deputy Wahlberg was on duty at the time of the assault upon the plaintiffs. Despite being charged with the duty of protecting the inmates, Deputy Wahlberg neglected to adequately perform his task/duty of observing and directing inmate movements. Wahlberg's inadequate performance of his aforementioned duties allowed Antonio Hernandez the freedom to move about the facility unimpeded and ultimately, contributed to the injuries sustained by the plaintiffs. Deputy Wahlberg's deliberate indifference to inmate safety was a proximate cause of the assault inflicted upon the plaintiffs.

31. Upon information and belief, Defendant, Sergeant Behlke was on duty at the time of the assault upon the plaintiffs. Despite being charged with the duty of protecting the inmates, Sergeant Behlke neglected to adequately perform his task/duty of observing and directing inmate movements. Behlke's inadequate performance of his aforementioned duties allowed Antonio Hernandez the freedom to move about the facility unimpeded and ultimately, contributed to the injuries sustained by the plaintiffs. Sergeant Behlke's deliberate indifference to inmate safety was a proximate cause of the assault inflicted upon the plaintiffs.

## FOURTH CAUSE OF ACTION

## DENIAL OF ADEQUATE MEDICAL TREATMENT

32. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

33. That Plaintiffs, Clarence Beaver and Joseph Stilwell's rights have been violated under the EIGHTH and FOURTENTH Amendments to the United States Constitution by the

Defendants, Wellpath and CFMG medical providers in their failure to provide adequate medical care for their respective injuries.

34. Despite sustaining multiple facial fractures to his cheek and orbital bones, the Wellpath and CFMG medical staff failed to send Mr. Beaver for outside treatment with a specialist or even for a consultation. Upon information and belief, as a cost-saving tactic, the Wellpath and CFMG staff failed to provide Mr. Beaver with adequate medical treatment because they knew he was soon to be released from the jail. The Wellpath and CFMG defendants were deliberately indifferent to the serious injuries sustained by Mr. Beaver due to their policy and procedure of cutting treatment costs.

35. Upon information and belief, following the surgery to Joseph Stilwell's left kneecap, Wellpath and CFMG failed to provide adequate medical treatment and pain medication for his broken kneecap and fractured left foot, despite the obvious pain and suffering the medical staff knew or should have known comes with broken bones. The Wellpath and CFMG defendants were deliberately indifferent to the serious injuries sustained by Mr. Stilwell's due to their policy and procedure of cutting treatment costs.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

36. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

37. Upon taking custody of Mr. Beaver and Mr. Stilwell, the County defendants all owed the Plaintiffs a duty of reasonable care with respect the Plaintiffs' safety.

38. This duty was breached by the County defendants by failing to provide adequate security to safeguard the inmates while confined at the jail. This breach of duty resulted in physical and emotional damages to Clarence Beaver and Joseph Stilwell, including pain and suffering from the injuries sustained.

39. Upon entering a contract with the County defendants to provide medical treatment to the inmates, the Wellpath and CFMG defendants owed the Plaintiffs a duty of reasonable care with respect to their physical health and wellbeing.

40. Upon information and belief, the Wellpath and CFMG defendants provided treatment that was below the standard of care the plaintiffs would have received in the surrounding medical community.

41. That by reason of the aforesaid, the Plaintiffs have been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Clarence Beaver and Joseph Stilwell pray for relief, as follows:

(a) That the Court award compensatory damages to Plaintiffs, Clarence Beaver and Joseph Stilwell and against the defendants jointly and severally, in an amount to be determined at trial;

(b). That the Court award punitive damages to Plaintiffs, Clarence Beaver and Joseph Stilwell, and against the Wellpath and CFMG defendants and all County defendants named in their individual capacity, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

(c). For a trial by jury;

(d). For a pre-judgment and post-judgment interest and recovery of their costs; and

(e). For such other and further relief as the Court may deem just and proper.

Dated: February 23, 2021            **LAW OFFICES OF RON MARQUEZ**

By:      /s/ Ron Marquez
Ron Marquez
Attorneys for Clarence Beaver and Joseph Stilwell

**VERIFICATION BY ATTORNEY**

STATE OF CALIFORNIA    )
COUNTY OF BUTTE        ) ss.

I, Ronald Marquez, an attorney duly admitted to practice before the Courts in the State of California, hereby affirms, under the penalty of perjury, as follows:

1. That deponent is the attorney for the Plaintiffs in the action within; that deponent has read the foregoing and know the contents thereof; that the same is true to deponent's own knowledge as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2. The reason that this verification is not made by the Plaintiffs and is made by deponent is that the Plaintiffs do not reside in the county where the attorneys for the Plaintiffs have their office.

3. Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said Plaintiffs.

                                          /s/ Ron Marquez
                                          Ron Marquez